IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-89-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| WESLEY ALLEN CROSS GUNS, JR. | |
| Defendant. | |

## I. Synopsis

Defendant Wesley Allen Cross Guns, Jr. (Cross Guns) has been accused of violating the conditions of his supervised release. Cross Guns admitted all of the alleged violations. Cross Guns's supervised release should be revoked. Cross Guns should be placed in custody until January 20, 2023, with 32 months of supervised release to follow. Cross Guns should serve the first 180 days of supervised release in a residential re-entry center, as directed by his probation officer.

## II. Status

Cross Guns pleaded guilty to being a Prohibited Person in Possession of a Firearm and Ammunition on April 6, 2021. (Doc. 24). The Court sentenced Cross

Guns to 27 months of custody, followed by 3 years of supervised release. (Doc. 38). Cross Guns's current term of supervised release began on September 9, 2022. (Doc. 41 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on September 16, 2022, requesting that the Court revoke Cross Guns's supervised release. (Doc. 43). The Amended Petition alleged that Cross Guns had violated the conditions of his supervised release: 1) by failing to report to the probation office within 72 hours of his release from prison; 2) by using methamphetamine; and 3) by consuming alcohol.

**Initial appearance**

Cross Guns appeared before the undersigned for his initial appearance on September 28, 2022. Cross Guns was represented by counsel. Cross Guns stated that he had read the petition and that he understood the allegations. Cross Guns waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 28, 2022, and on October 13, 2022. Cross Guns admitted that he had violated the conditions of his

supervised release: 1) by failing to report to the probation office within 72 hours of his release from prison; 2) by using methamphetamine; and 3) by consuming alcohol. The violations are serious and warrant revocation of Cross Guns's supervised release.

Cross Guns's violations are Grade C violations. Cross Guns's criminal history category is V. Cross Guns's underlying offense is a Class C felony. Cross Guns could be incarcerated for up to 24 months. Cross Guns could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III. Analysis

Cross Guns's supervised release should be revoked. Cross Guns should be incarcerated until January 20, 2023, with 32 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Cross Guns should serve the first 180 days of supervised release in a residential re-entry center, as directed by his probation officer.

### IV. Conclusion

The Court informed Cross Guns that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also

3

informed Cross Guns of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Cross Guns that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Wesley Allen Cross Guns, Jr. violated the conditions of his supervised release: by failing to report to the probation office within 72 hours of his release from prison; by using methamphetamine; and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Cross Guns's supervised release and commit Cross Guns to the custody of the United States Bureau of Prisons until January 20, 2023, with 32 months of supervised release to follow. Cross Guns should serve the first 180 days of supervised release in a residential re-entry center, as directed by his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and

4

Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 17th day of October, 2022.

John Johnston
United States Magistrate Judge